# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JAMES H. HINKLE,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0966** (BOR Appeal No. 2054090)
            (Claim No. 2018016107)

**XINERGY CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James H. Hinkle, by Counsel John H. Shumate Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Xinergy Corporation, by Counsel H. Dill Battle III and Charity K. Lawrence, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on January 24, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 8, 2019, Order. The Order was affirmed by the Board of Review on September 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hinkle, an equipment operator, alleges an injury to his cervical spine and left shoulder on December 18, 2017, when he was struck by a bus hood. He did not seek immediate medical attention. Mr. Hinkle responded to an emergency call on December 21, 2017, in his capacity as a fireman. He sustained no injury on that call. On December 25, 2017, Mr. Hinkle sought treatment from Summersville Regional Medical Center Emergency Room for pain in the neck, left shoulder, left arm, and left hand as well as left hand/arm weakness. He stated that he was injured when a bus hood fell on his left side on December 18, 2017. He was diagnosed with neck strain.

1

The Employees' and Physicians' Report of Injury was completed on January 3, 2018, and indicates Mr. Hinkle injured his neck, back, and left shoulder while letting down the hood on a bus. The diagnoses were listed as cervical radiculopathy and unspecified neck nerve injury. It was noted that Mr. Hinkle had left upper extremity weakness following the injury. A diagnosis update was attached. Richard Spencer, M.D., requested the addition of left cervical radiculopathy and blunt cervical spine trauma. It was noted that Mr. Hinkle had weakness of the left upper extremity.

In a January 3, 2018, treatment note, Dr. Spencer noted that Mr. Hinkle was struck on the back of his neck by a raised bus hood. He felt some pain initially but on December 21, 2017, he awoke with severe neck and left arm pain. His condition has progressed since that time, and he developed left arm weakness. Dr. Spencer diagnosed neck nerve injury and cervical radiculopathy. A cervical x-ray was taken the following day and compared to an October 29, 2008, x-ray. It was noted that Mr. Hinkle had osteophytes which had progressed. There was disc space narrowing at C5-6, indicative of degenerative disc disease. It had also progressed since the 2008 x-ray. The radiologist concluded that there were multilevel disc disease type findings and multilevel bilateral foraminal narrowing. Mr. Hinkle returned to Dr. Spencer on January 12, 2018, and reported severe left arm disability with weakness and intermittent pain.

The Employer's Report of Injury was completed on January 16, 2018, and indicated Mr. Hinkle reported to human resources that he awoke on December 22, 2017, with pain in his neck, shoulder, and arm. He stated that no accident had occurred and that the pain began spontaneously. The employer stated that it had reason to question the injury.

It should be noted that Mr. Hinkle has a history of left shoulder and cervical spine issues. On November 24, 2008, a left shoulder MRI showed mild peritendinitis, early bursitis, and mild bursal-sided scuffling of the supraspinatus. There was no indication of a rotator cuff tear. A cervical MRI performed that same day showed a large left C6-7 disc herniation multilevel disc degeneration, osteoarthritic cervical vertebral body lipping, and loss of cervical lordosis.

In a January 23, 2018, statement, Keith Smith stated that Mr. Hinkle called him on January 2, 2018, and asked to file a workers' compensation claim. He stated that he awoke on December 22, 2017, with severe pain in his neck, left shoulder, and arm. Mr. Hinkle reported that he had not experienced an injury and just awoke that morning in pain. Mr. Smith stated that he informed Mr. Hinkle that he could not file a claim unless he sustained a work-related injury. Mr. Hinkle called Mr. Smith again several days later and asserted that he was injured on December 18, 2017, when the hood of a bus fell on him. Mr. Smith stated that the employer questioned the injury because there were no witnesses and no accident report. The claims administrator rejected the claim on January 24, 2018.

A cervical MRI was taken on January 29, 2018, and compared to a November 24, 2008, MRI. There was a new disc protrusion at C7-T1 causing some narrowing on the left. There was a significant decrease in the previously found C6-7 disc protrusion. There was mild thecal sac narrowing and degeneration at other levels, also similar to the prior study. Dr. Spencer saw Mr. Hinkle for follow-up on January 31, 2018. He noted that the MRI showed a herniated left C8 disc with herniation and recommended referral to a neurologist.

In a February 1, 2018, treatment note, Barry Vaught, M.D., noted that Mr. Hinkle was seen for left arm paresthesias and clumsiness. Mr. Hinkle reported symptoms since December when something heavy fell on his head. He also reported that he rides a rock truck sometimes, which jerks his neck around. Dr. Vaught diagnosed bilateral carpal tunnel syndrome and cervicothoracic radiculopathy. An EMG was performed and showed active C8-T1 radiculopathy and carpal tunnel syndrome. Dr. Vaught opined that Mr. Hinkle's symptoms were due to the C8-T1 radiculopathy.

Treatment notes from February 5, 2018, through April 16, 2018, by Dr. Patel indicate Mr. Hinkle was diagnosed with C7-T1 disc herniation, C6-7 neural foraminal narrowing, C5-6 neural foraminal narrowing and cervical stenosis, C4-5 neural foraminal stenosis, left C7 radiculopathy, left C8 radiculopathy, cervical disc disease from C3 to C7, and moderate carpal tunnel syndrome. Mr. Hinkle treated with Dr. Thymius from March 14, 2018, through March 28, 2018. The diagnoses were cervical disc displacement at C5-6 and C6-7 and cervicothoracic radiculopathy.

Mr. Hinkle testified in a December 20, 2018, hearing that on December 18, 2017, he was struck in the neck by the hood of a bus. He stated that he had a red spot on his neck after the incident but had no other symptoms. On December 21, 2017, Mr. Hinkle responded to an emergency call in his capacity as a fireman. He was not injured at that time. Mr. Hinkle asserted that the following day, he awoke with pain in his neck, left arm, and left hand. The pain started where he was struck by the hood and radiated down his left arm to his fingers. Mr. Hinkle stated that he did not seek immediate medical attention because he hoped rest would improve his symptoms. It did not. Mr. Hinkle admitted that he experienced prior neck pain in 2008 as well as right shoulder pain. An MRI taken in November of 2008 showed two herniated discs.

The Office of Judges affirmed the claims administrator's rejection of the claim on March 8, 2019. It found that Mr. Hinkle did not immediately report the alleged injury and continued to work. There were no witnesses to the event. When he called off of work on December 21, 2017, Mr. Hinkle stated that he had pain with no accident or injury. He sought treatment on December 25, 2017. He did not file a report of injury until January 3, 2018, alleging cervical pain with radiculopathy due to a blunt injury. Mr. Hinkle underwent cervical spine x-rays on January 4, 2018, which showed multilevel degenerative disc disease and multilevel bilateral exit foraminal narrowing. An MRI also showed degenerative changes in the cervical spine. The Office of Judges noted that though the MRI showed new changes when compared to the 2008 MRI, Mr. Hinkle failed to show that those changes are the result of the alleged injury. The Office of Judges ultimately concluded that a preponderance of the evidence indicates Mr. Hinkle did not sustain a work-related injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Hinkle alleges that he was injured when a hood struck him in the neck. There were no witnesses to the alleged injury, and Mr. Hinkle did not immediately report the injury. In fact, when he called in to work three days later, he denied any injury. The medical evidence shows that Mr. Hinkle had preexisting cervical spine issues. He has failed to show that he sustained a work-related injury.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison